

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No: 06-60593-CIV-MORENO

NRP GROUP, INC., a Florida corporation,
NATURAL RESOURCE PROTECTION, INC., a
Florida corporation, and YOUR
ENVIRONMENTAL SOLUTIONS, LTD. a
Delaware Limited Liability Company,

    Plaintiffs,

vs.

HYDROPRESS, LLC, a Massachusetts Limited
Liability Company, AGRI-KAT LLC, a Delaware
Limited Liability Company, DANA G. TAYLOR,
an individual, MERLE TAYLOR, an individual,
and DREW O'HARA, an individual

    Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Plaintiffs and Defendants were in business together until the relationship went awry and Plaintiffs filed this suit. Defendant Hydropress, LLC has filed a Motion to Compel Arbitration **(D.E. No. 19)**, on **July 24, 2006**, seeking to have the whole case decided in the arbitral forum. Finding the parties are bound to arbitrate and the claims are arbitrable, the Court compels arbitration.

### I. Background

Plaintiffs filed this suit for breach of contract, violations of the Lanham Act, tortious interference, unfair competition, commercial disparagement, and misappropriation of trade secrets. As part of the business, Plaintiffs invented the two products at issue, the Bio-Kat and the Agri-Kat, and Defendants were responsible for sales and distribution of these two products.

On January 6, 2003, the parties entered a non-disclosure agreement ("NDA Agreement") that

is very broad in scope.  Exh. A to the Complaint.  It does not reference any specific business venture. Rather, it details the process by which the parties will exchange information to "evaluat[e] a possible joint venture transaction."  On December 13, 2004, Defendant Dana Taylor, the President of Hydropress LLC and Gary Morgan, a representative of NRP Group, Inc. entered another letter agreement dated December 13, 2004.  Exh. 1 to the Motion to Compel Arbitration.  That letter also indicated the parties would formalize a joint venture.  The December 13, 2004 letter contains a provision that states that "[d]isputes (if any) between/among the members to be settled by arbitration."  The letter agreement defines the "members" as Defendants Dana and Merle Taylor and NRP Partners, Inc., a Delaware corporation that is not a party to this suit.

Defendant Hydropress filed a motion to compel arbitration of all claims based on the arbitration provision in the December 13, 2004 letter agreement.  Defendants Dana and Merle Taylor and Drew O'Hara have not yet been served and have been dismissed from this suit.

## II. Legal Analysis

Compelling arbitration in this case will turn on a few issues.  First, the Court must decide whether the December 13, 2004 letter constitutes an agreement at all or whether it is merely a letter of intent that has no binding effect.  The second is whether the letter agreement, which was not signed by <u>all</u> the parties to this action, constitutes an enforceable arbitration agreement.  Finally, the Court must consider whether the claims asserted in the amended complaint are arbitrable even though they are not premised on breach of the letter agreement.

The Federal Arbitration Act ("FAA") is a "congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  The FAA establishes

a substantive body of federal law that promotes a strong federal policy favoring arbitration, requires district courts to rigorously enforce private arbitration agreements, and reverses centuries of judicial hostility to arbitration agreements. *See Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-476 (1989). At the same time, courts "should not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." *Cont'l Florida Materials, Inc. v. M/V Lamazon*, 334 F. Supp. 2d 1294, 1297 (S.D. Fla. 2004) (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288-89 (2002)). Courts must construe any doubts in favor of arbitration. *Klay v. All Defendants*, 389 F.3d 1191, 1201 (11th Cir. 2004).

*1. Letter of Intent vs. Letter Agreement*

The letter agreement, addressed to lead Plaintiff, NRP Group, Inc., and executed by its officer Gary Morgan, sets forth the terms applicable to form a new company. Plaintiffs argue the letter agreement is merely a letter of intent that does not bind the parties. The December 13 letter does refer to itself as a letter agreement. *See Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (finding unambiguous terms of contract must be given plain meaning). These terms appear to govern the relationship between the parties and serve as an interim agreement until such time as the parties execute a more formalized agreement – an event that never transpired. The Court finds the letter is an interim agreement.

*2. Binding Non-Signatories to Arbitration*

It is well-settled that arbitration is a matter of contract, and therefore only parties to an arbitration agreement can enforce its terms. That being said, the Eleventh Circuit has recognized several theories where non-signatories are bound to arbitrate. *Employers Ins. of Wausau v. Bright*

*Metal Specialists*, 251 F.3d 1316, 1323 (11th Cir. 2001); *MS Dealer v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). These theories arise out of common law principles of contract and agency law: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; 5) estoppel and 6) third-party beneficiary. *Id.*; *see also Blinco v. Green Tree Servicing LLC,* 400 F.3d 1308, 1312 (11th Cir. 2005) (compelling non-signatory plaintiff to arbitration under equitable estoppel theory) (citing *Price v. Humana Ins. Co.*, 285 F.3d 971, 976 (11th Cir. 2002) (*rev'd on other grounds by Pacificare Health Sys., Inc. v. Book*, 538 U.S. 401 (2003)) ; *Bolamos v. Globe Airport Security Servs., Inc.*, 2002 WL 1839210, *2 (S.D. Fla. May 21, 2002) (finding non-signatory defendant could enforce arbitration provision under agency theory); *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 735 (7th Cir. 2005) (holding non-signatory defendant could enforce arbitration under third-party beneficiary theory). Compelling arbitration will turn on whether any of these legal theories provide an exception to the general rule that courts do not compel non-signatories to arbitration.

Not mentioned in the letter agreement, Defendant Hydropress argues it has a right to enforce the arbitration provision. Hydropress claims that co-defendant Dana Taylor signed the agreement as its President (i.e. its agent) and Hydropress has provided a declaration by Dana Taylor that indicates as such. Hydropress is traveling under an agency theory to justify its right to invoke the arbitration agreement. *See Bolamos*, 2002 WL 1839210, *2 ( employing agency theory to find non-signatory could enforce arbitration provision and holding that to rule otherwise would allow plaintiffs to avoid arbitration by simply naming non-signatories as defendants in lawsuits). Given the liberal policy favoring arbitration and the uncontroverted declaration indicating that Dana Taylor served as an agent for Hydropress, the Court finds that Hydropress may invoke the arbitration clause.

Turning to the next issue, the Court must decide whether the non-signatory Plaintiffs are

required to arbitrate by virtue of Gary Morgan's signature on behalf of NRP Group Inc. The parties have not briefed how the Plaintiffs are related. That said, the complaint does define the Plaintiffs collectively as NRP, whose officer Gary Morgan did sign the letter agreement. *See* First Amended Complaint ¶ 9. Moreover, there is an admission in the complaint that "the parties" to the lawsuit entered the letter agreement. *See* First Amended Complaint at ¶ 7. At oral argument, Plaintiffs did not refute that indeed they are affiliated organizations working together. And, Defendant vehemently argues that Plaintiffs are equitably estopped from claiming they are not bound by the arbitration provision contained in the letter agreement that gives rise to their claim. *Blinco,* 400 F.3d at 1312 ("Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes."). The Court agrees that by virtue of being related business organizations, the Plaintiffs are equitably estopped from trying to avoid the obligation to arbitrate contained in the same agreement they are trying to enforce.

### 3. Arbitrability of Claims

#### A. Breach of Contract

According to the Plaintiffs, the breach of contract claim in this case stems from the NDA agreement and not the letter agreement with the arbitration clause. Generally speaking, having one contract that contains a broad arbitration provision does not necessarily mean that arbitration can be compelled when the subject of the dispute arises from a separate contract that lacks an arbitration provision. *Klay*, 389 F.3d at 1201; *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1352 (11th Cir. 1982).

Defendant Hydropress vehemently argues that all the claims are arbitrable because the agreements are related. As proof, Defendant Hydropress urges the Court to review Plaintiffs'

amended complaint, which incorporates by reference the letter agreement into each count of the complaint and intertwines the facts relating to these agreements. Defendant also argues the language of the agreements proves the arbitration clause in the letter agreement is broad enough to require compelling arbitration on Plaintiffs' claim for breach of the NDA Agreement.

The Court agrees. The letter agreement and the NDA agreement are related in a way that the agreements in *Klay* and *Seaboard Coast Line* were not. In *Klay,* the Eleventh Circuit declined arbitration where the HMO's were moving to compel arbitration of claims that generated from a separate agreement for different services than the one containing the arbitration clause. *Klay*, 389 F.3d at 1201. Likewise in *Seaboard*, the Eleventh Circuit refused to compel arbitration based on a broad arbitration clause found in a license contract between the parties when the underlying claim was for breach of a lease, an agreement that had an entirely separate purpose. That is not the case here where the agreements govern the same business relationship.

While Plaintiffs urge the Court to read the NDA Agreement as relating only to the Bio-Kat business and the letter agreement as relating only to the Agri-Kat business, that is not the plain meaning of the documents. Plaintiffs specifically reference ¶ 2 of the letter agreement, which they claim carves out the Bio-Kat business. Paragraph 2, however, does not mention Bio-Kat. Moreover, such a construction would belie the plain language of the "Re:" line, which specifically states this letter is for a Joint Venture on Bio-Kat. In addition to the references to Bio-Kat, the letter agreement also references forming a new limited liability company called Agri-Kat LLC. Both agreements contemplate forming a joint venture to govern the parties' business and appear to be related. At worst, there is a doubt as to how closely these agreements are related and any doubt must be construed in favor of arbitration. *Klay*, 389 F.3d at 1201.

### B. Remaining Claims

The Court must determine whether Plaintiffs' remaining claims are arbitrable. Plaintiffs are suing for tortious interference with contractual relations, commercial disparagement, misappropriation of trade secrets, violations of the Lanham Act, and unfair competition. To reiterate the standard, a court cannot compel the parties to settle their dispute in an arbitral forum absent an agreement to do so. *Klay*, 389 F.2d at 1200; *Volt Info. Sci., Inc.*, 489 U.S. at 479 ("Arbitration under the [FAA] is a matter of consent, not coercion. . . .").

Of course, the scope of the letter agreement's clause will determine arbitrability. The letter agreement requires the parties to arbitrate any disputes among the "members." In the Court's view, as stated above, both agreements govern the same business enterprise. It is impossible to discern how these claims are related to Agri-Kat and not Bio-Kat, both of which are referenced in the letter agreement. Faced with agreements that govern the same business relationship, a broad arbitration provision, and the liberal federal policy favoring arbitration, the Court must compel arbitration on all claims.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of January, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record